J-S47025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIOSDADO BAEZ | : | |
| | : | |
| Appellant | : | No. 480 MDA 2019 |

Appeal from the PCRA Order Entered March 18, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000928-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIOSDADO BAEZ | : | |
| | : | |
| Appellant | : | No. 481 MDA 2019 |

Appeal from the PCRA Order Entered March 18, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001037-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIOSDADO BAEZ | : | |
| | : | |
| Appellant | : | No. 482 MDA 2019 |

Appeal from the PCRA Order Entered March 18, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001045-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

J-S47025-19

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 22, 2019**

Appellant Diosdado Baez appeals from the order denying his first, timely Post Conviction Relief Act[1] (PCRA) petition following an evidentiary hearing. Appellant's PCRA counsel has filed a petition to withdraw in this Court and a **Turner**/**Finley** brief.[2] We affirm and grant PCRA counsel's petition to withdraw.

The underlying facts of this case are well known to the parties. Briefly, on December 14, 2016, the Commonwealth charged Appellant with the following offenses: delivery of heroin and criminal use of a communication facility at docket number 1037-2017, delivery of Suboxone at docket number 1045-2017, and delivery of heroin and conspiracy at docket number 928-2017.[3] **Id.** The charges were based on separate events that occurred on June 7, June 9, and July 6 of 2016.On June 26, 2017, Appellant, who was represented by trial counsel, entered an open guilty plea to all charges. Appellant executed a written guilty plea colloquy in which he acknowledged that there were no negotiated plea agreements. **See** Written Guilty Plea Colloquy, Docket Nos. 928-2017, 1037-2017, & 1045-2017, 6/26/17, at 4. He also recognized that the judge would determine the sentence and could

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 7512(a); 35 P.S. § 780-113(a)(30); and 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903, respectively.

- 2 -

impose the sentences consecutively. *Id.* at 4-5. Appellant confirmed that no promises had been made to induce him to enter the guilty plea. *Id.* Appellant also stated that he understood his post-sentence and appellate rights. *Id.* at 7. Trial counsel misstated the potential maximum sentence for all charges as fifty-two rather than ninety-two years' imprisonment when completing the written colloquy form. *See* Written Guilty Plea Colloquy at 4.

The trial court also conducted an oral colloquy. During its colloquy, the trial court also misstated Appellant's maximum sentencing exposure as fifty-two years' imprisonment. N.T. Guilty Plea Hr'g, 6/26/17, at 5.

The trial court accepted Appellant's guilty plea. *See id.* at 8. That same day, the trial court sentenced Appellant to an aggregate term of six to fourteen years' incarceration, which included concurrent sentences of three to six years' incarceration at 1037-2017 and 1045-2017, and a consecutive term of three to eight years' incarceration at 928-2017. *Id.* at 8-9. Trial counsel did not file post-sentence motions or a direct appeal.

Appellant timely filed a *pro se* PCRA petition, which was postmarked on July 26, 2018. Appellant argued that his sentence was illegal because the drug delivery charges should have merged at sentencing. Appellant's *Pro Se* PCRA Pet., 7/26/18, at 7. He asserted that the trial court should have imposed three concurrent sentences for a total of three to eight years' incarceration. *Id.* Appellant also argued that trial counsel provided ineffective assistance by (1) advising him to decline the Commonwealth's offer of five-to-ten years' incarceration and to enter an open plea based on trial counsel's assurance that

she "would obtain" an aggregate sentence of two-to-four years' incarceration, and (2) failing to file a requested direct appeal. *Id.*

The PCRA court appointed counsel, who filed an amended PCRA petition. Therein, Appellant argued that trial counsel was ineffective for failing to file a post-sentence motion or a direct appeal. Am. PCRA Pet., 11/14/18, at 3 (unpaginated). Appellant also asserted that trial counsel misinformed him about the maximum sentences for each charge, and that, had he been appropriately advised, "he would have accepted the Commonwealth's [negotiated plea offer] rather than rely on [trial] counsel's word that he would 'get less' with an open plea." *Id.*

The Commonwealth filed a response requesting an evidentiary hearing because there was "an insufficient record on which to adequately respond" to Appellant's petition. Commonwealth's Resp. to PCRA Pet., 12/13/18. On March 11, 2019, the PCRA court conducted an evidentiary hearing.

At the hearing, trial counsel testified that the Commonwealth initially offered Appellant a negotiated plea of five to ten years' incarceration for all three cases. N.T. PCRA Hr'g, 3/11/19 at 17. She stated that she conveyed the offer to Appellant but believed Appellant could get less time if he entered an open plea. *Id.* at 21-22. Trial counsel stated that "ultimately it was [Appellant's] choice . . . whether he wanted to take the plea agreement. I don't think that I swayed him one way or another. I gave him all of the information." *Id.* at 22. However, trial counsel acknowledged that she miscalculated Appellant's maximum sentence exposure as fifty-two years,

- 4 -

rather than ninety-two years. *Id.* at 27-30. Trial counsel testified that she reviewed the guilty plea colloquy with Appellant, but he did not have any questions about his post-sentence rights. *Id.* at 41-42.

Trial counsel also testified that she met with Appellant in a holding cell after the sentencing hearing. *Id.* at 35, 43. She recalled apologizing to Appellant because "he got more than what was offered." *Id.* Trial counsel explained that although Appellant was upset about the sentence, he never asked her to file a post-sentence motion or a direct appeal. *Id.* at 35-36, 39. She did not remember Appellant asking her to attempt to get back the Commonwealth's original plea offer. *Id.* at 36. When asked why she did not file a post-sentence motion to preserve a discretionary sentencing claim, trial counsel stated: "If a client wants us to file a post-sentence motion, then we file a post-sentence motion. If a client does not tell us to file a post-sentence motion, then we don't file a post-sentence motion." *Id.* at 37.

Trial counsel testified that she "told [Appellant] that he received more time than what was offered and that he could file an appeal if he wanted to." *Id.* at 43. However, she stated that Appellant did not ask her to file an appeal. *Id.* at 39. She stated that she instructed Appellant to let her know if he wanted to file an appeal. *Id.* at 36. Although trial counsel did not follow up with Appellant about a possible appeal after their meeting, she explained:

> If a client contacts me, then . . . based upon the communication, I will either do something or not do something. We have a prison liaison that goes to the prison daily to see clients. She's known there. Clients know her. She's done their in-takes and they can contact her if they don't want to . . . fill out a general request form

at the prison. However, I received no information from our prison liaison, nor any general request form from [Appellant].

*Id.* at 40.

Appellant also testified at the hearing. He acknowledged that trial counsel advised him of the Commonwealth's plea offer, but trial counsel told him that he "had better hope with doing an open plea." *Id.* at 47. He stated that he was "convinced" by trial counsel's advice, and that if he had known that he could get a sentence longer than five to ten years, he would not have entered an open plea. *Id.* at 48. However, Appellant acknowledged that trial counsel's misstatement of the maximum penalty did not affect his decision to accept the plea, as he knew he "wasn't going to get the 52 or 92" maximum sentence. *Id.* at 51, 52-53.

Appellant testified that he met with trial counsel after sentencing, and she said "I'm sorry, I didn't expect him to give you [more] than what you [were] looking at." *Id.* at 55. He stated that he told trial counsel "I want my sentence back" and instructed her to "put the paperwork in, get me in front of the judge and get me back my time." *Id.* at 55-56. He explained that although he did not specifically indicate he wanted her to file a post-sentence motion, "she knew what I meant." *Id.* at 55. However, Appellant stated that he never followed up with trial counsel about the appeal, as he "just believed that she was doing what she was supposed to do." *Id.* at 63.

At the conclusion of the hearing, the PCRA court denied Appellant's PCRA petition. On March 21, 2019, Appellant timely filed separate notices of

Appellant at each docket number in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (stating that "where a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed"). Thereafter, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on April 5, 2019. The PCRA court filed responsive opinions concluding that Appellant had failed to demonstrate trial counsel's ineffectiveness. PCRA Ct. Op., 5/3/19; PCRA Ct. Am. Op., 5/8/19.

PCRA counsel's **Turner**/**Finley** brief identifies four issues, which we address in the following order: (1) trial counsel was ineffective for advising Appellant to enter an involuntary or unknowing guilty plea by promising a specific sentence; (2) trial counsel unlawfully induced Appellant's guilty plea by failing to advise him regarding the maximum sentences he faced in an open plea; (3) trial counsel was ineffective for failing to file post-sentence motions or a direct appeal; and (4) Appellant's sentence is illegal because the trial court imposed consecutive sentences and failed to merge the charges at different dockets. **Turner**/**Finley** Brief at 7-14. Appellant has not filed a *pro se* brief or a counseled brief with new counsel.

Before we address the issues identified by PCRA counsel, we must first address whether PCRA counsel has fulfilled the procedural requirements for withdrawing his representation. **See Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016) (stating that "[p]rior to addressing the merits of

the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel").

As we have explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed . . . under [**Turner** and **Finley**] and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

>> *    *    *

>> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted).

Here, PCRA counsel's application to withdraw and brief to this Court detail his diligent review of the case and include the issues Appellant wishes to have reviewed. PCRA counsel explains the reasons the issues lack merit and requests permission to withdraw. Additionally, PCRA counsel has provided Appellant with a copy of the no-merit brief and application to withdraw, and advised Appellant of his right to proceed *pro se* or with privately

retained counsel in this appeal.[4]  Accordingly, we will review PCRA counsel's assessment that Appellant's intended claims lack merit.

PCRA counsel first identifies Appellant's claim that counsel "misadvised [him] into entering an involuntary or unknowing guilty plea by promising [him] a specific sentence."  *Turner*/*Finley* Brief at 10.  PCRA counsel maintains that there is no evidence to support this contention.  *Id.*

Our review of the denial of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error."  *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation marks and citation omitted).  "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts."  *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citations omitted).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super.

---

[4] Initially, PCRA counsel's no-merit letter indicated that Appellant could proceed *pro se* or with private counsel "[i]n the event that the court grants counsel's application withdraw."  We concluded that PCRA counsel improperly characterized Appellant's ability to respond to counsel's withdrawal petition and no-merit letter as contingent on the granting of counsel's petition. Accordingly, by order of June 21, 2019, this Court directed counsel to provide Appellant with a letter advising him of his immediate right to proceed *pro se* or with private counsel, and to file copies of the letter with this Court.  *See Muzzy*, 141 A.3d at 510-11.  PCRA counsel complied by filing a revised letter on June 25, 2019.

2014) (citation omitted). We review "the PCRA court's legal conclusions *de novo*." *See Miller*, 102 A.3d at 992 (citation omitted).

We presume that the petitioner's counsel was effective. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To establish a claim of ineffectiveness, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). A petitioner must establish (1) that the underlying claim has arguable merit; (2) that counsel lacked a reasonable basis for his action or inaction; and (3) but for the act or omission in question, the outcome of the proceedings would have been different. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). "A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs." *Id.* (citation omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded

of attorneys in criminal cases." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. ***Commonwealth v. Maddox***, 300 A.2d 503, 504 (Pa. 1973). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (citation and quotation marks omitted). "To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." ***Allen***, 732 A.2d at 588-89.

Further, a trial court may supplement "the oral colloquy [with] a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); ***see also*** Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, Appellant has presented no evidence to support his claim that trial counsel promised him a specific sentence in exchange for his plea. Further, Appellant specifically acknowledged during the plea colloquy that there was no plea agreement, that the judge would determine the sentence, and that no promises had been made in exchange for his guilty plea. **See** Written Guilty Plea Colloquy at 4-5; **see also** N.T. Guilty Plea Hr'g at 5-6. Given this record, Appellant cannot now claim that his decision to plead guilty was based on trial counsel's promises. **See Pollard**, 832 A.2d at 523. Accordingly, we conclude that Appellant's first intended claim lacks arguable merit. **See Washington**, 927 A.2d at 594.

In the second issue, PCRA counsel identifies Appellant's claim that trial counsel unlawfully induced his guilty plea by failing to provide the correct maximum sentences he faced. **Turner**/**Finley** Brief at 14. However, PCRA counsel notes that during the PCRA hearing, Appellant stated that he knew he was not going to get the maximum sentence, and the misstatement of the maximum "did not have an effect on [Appellant's] decision to plead guilty." **Id.** at 17.

We have explained that

> [t]he standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is

- 12 -

> equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Kelley***, 136 A.3d at 1013 (citation omitted).

However, we have held that not "every mistake in computing the possible maximum or advising the defendant of the possible maximum will amount to manifest injustice." ***Commonwealth v. Barbosa***, 819 A.2d 81, 83 (Pa. Super. 2003). Instead,

> the mistake must be material to the defendant's decision to plead guilty. This determination must be fact- and case-specific. Certainly, if a defendant were to plead guilty to avoid a death sentence when there is no possibility of a death sentence, then this mistake would clearly be material. On the other hand, suppose there were a robbery of five people together with conspiracy and weapons charges, and the defendant were told that he faced a maximum sentence of 70 to 140 years rather than 65 to 130 years. If the plea negotiations resulted in a sentence of 5 to 10 years, then this mistake would not be material.

***Id.*** at 83.

Here, Appellant was improperly advised that the maximum sentence for his plea was fifty-two years, rather than ninety-two years. ***See*** N.T. PCRA Hr'g at 30; ***see also*** N.T. Guilty Plea Hr'g at 5. Nonetheless, at the PCRA hearing, Appellant conceded that the maximum sentence did not affect his decision to plead guilty, as he knew he would not receive the maximum sentence. ***See*** N.T. PCRA Hr'g at 51, 52-53. Further, Appellant's fourteen-year maximum sentence did not exceed the incorrect fifty-two year maximum set forth by trial counsel and the trial court. Accordingly, because Appellant

did not demonstrate that trial counsel's mistake was material to his decision to plead guilty, he cannot establish prejudice. *See Barbosa*, 819 A.2d at 83.

The third issue identified by PCRA counsel focuses on Appellant's claim that trial counsel was ineffective for failing to file post-sentence motions or a direct appeal. *Turner*/*Finley* Brief at 11-12. PCRA counsel notes that the PCRA court credited trial counsel's testimony that Appellant never requested a post-sentence motion or a direct appeal. *Id.* at 13.

Before a court will find counsel ineffective for failing to file a direct appeal, the petitioner must prove that he requested an appeal and that counsel disregarded that request. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). When counsel fails to file a requested appeal, "counsel is *per se* ineffective as the defendant was left with the functional equivalent of no counsel." *Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa. Super. 2011) (footnote omitted).

Here, the PCRA court addressed Appellant's claim as follows:

[B]oth Appellant and his [trial] counsel . . . testified regarding the discussion of a post-sentence motion. In her testimony, [trial] counsel indicated that she explained the appeal rights and process to Appellant, and that he did not want to pursue such an appeal.

\* \* \*

When Appellant testified, he provided a different story, claiming that he told [trial] counsel that he wanted his "sentence back," and that he told her to "put the paperwork in." Appellant then claimed that he sat for over a year without ever following up on his apparent request to "put the paperwork in," expecting that the appeal was already in motion without ever following up. The [PCRA] court found [trial] counsel's testimony regarding her

- 14 -

discussion with Appellant and the process of appealing a sentence more credible than Appellant's testimony. Appellant's statements on the conversation provided only a vague view of what he felt happened, and the court did not find his testimony about waiting a year before checking on an apparent appeal credible.

PCRA Ct. Amended Op., 5/8/19, at 1-2 (record citations and some capitalization omitted).

Following our review of the record, we discern no basis to disturb the PCRA court's determination. *See Miller*, 102 A.3d at 992. The PCRA court found trial counsel's testimony credible, and concluded that Appellant did not request either a post-sentence motion or a direct appeal. In light of the relevant case law and applicable standard of review, Appellant is not entitled to relief on his claim. *See id.*; *see also Johnson*, 966 A.2d at 539.

Lastly, PCRA counsel identifies Appellant's claim that his sentence was illegal because trial court should have merged his drug delivery convictions and imposed the sentences concurrently. *Turner*/*Finley* Brief at 8. PCRA counsel maintains that merger was inapplicable because Appellant's charges were based on separate crimes committed at different places and times. *Id.* at 8-9. Further, PCRA counsel refers to Appellant's intended claim that the trial court should have imposed concurrent sentences. *Id.* at 10.

Initially, we note that whether convictions merge for sentencing purposes involves the legality of a sentence. *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). Therefore, our standard of review is *de novo* and our scope of review is plenary. *Id.* (citation omitted). Our Supreme Court has explained that Section 9765 "prohibits merger unless two distinct facts

are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Id.*; *see also* 42 Pa.C.S. § 9765.

Here, Appellant pled guilty to offenses at three different dockets, relating to three different criminal acts: delivering heroin on June 7, 2016, delivering Suboxone on June 9, 2016, and delivering heroin on July 6, 2016. *See* Criminal Information at 1037-2017, 1045-2017, 928-2017. Because different facts supported the convictions for each count of drug delivery, the trial court did not err in concluding that merger did not apply. *See Baldwin*, 985 A.2d at 833.

To the extent Appellant argues that the trial court should have imposed concurrent terms of incarceration, it is a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013). "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) (citing 42 Pa.C.S. § 9543(a)(2)(vii)).

In any event, the PCRA court concluded that Appellant did not ask trial counsel to file a post-sentence motion on his behalf. Further, even if Appellant established that trial counsel disregarded his request for a post-sentence motion, his underlying claim does not present a substantial question for our review. *See Dodge*, 77 A.3d at 1270 (stating that "a defendant may raise a substantial question where he receives consecutive sentences within the

guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence" but noting that "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question"). Because Appellant's claim would not entitle him to relief, he cannot establish prejudice. *See Commonwealth v. Liston*, 977 A.2d 1089, 1092 (Pa. 2009) (citation omitted) (reiterating that "the failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief"). Therefore, he is not entitled to relief on this claim.

Moreover, we have conducted our independent review of the record and agree with PCRA counsel that the claims Appellant intended to raise on appeal are meritless. *See Muzzy*, 141 A.3d at 511.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019